```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF INDIANA
                     SOUTH BEND DIVISION

JUAN MEDRANO,                  )
                               )
     Plaintiff,                )
                               )
vs.                            )     CAUSE NO. 3:06-CV-691
                               )
CHAD BAR, et al.,              )
                               )
     Defendants.               )
```

OPINION AND ORDER

This matter is before the court *sua sponte*. For the reasons set forth below, Juan Medrano's Prisoner Complaint, filed on October 3, 2006, is **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915A.

BACKGROUND

Juan Medrano, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Medrano alleges that on August 13, 2006, he injured his foot. He immediately informed the yard officer, but the yard officer would not let him seek medical attention at that time. Medrano went to the Offenders Service Building anyway, but Nurse Cox refused to see him. After requesting medical attention several more times, Medrano saw a nurse and received a 24-hour lay-in pass. He later received a ten day supply of Ibuprofen for his pain. On August 17, 2006, Medrano had an x-ray of his foot. On August 21, 2006, he again asked to see a doctor. When this request

went unanswered, he sought the assistance of two lieutenants and the Unit D Sergeant.  On August 30, 2006, Medrano saw the doctor.  After a second x-ray, Medrano learned that he had broken his foot in two places.  Medrano was placed in a cast, but the cast starting coming apart six days later.  Medrano requested that the cast be repaired, but his request was denied.

DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. The court will apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6).  *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers.  Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right.  Second, he must allege that the person who has deprived him of the right acted

-2-

> under color of state law.  These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2).  In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs.  *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997).  A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain.  *Id.* at 1373.

Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992).  This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner."  *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991).

> [C]onduct is deliberately indifferent when the official

-3-

>   has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

>   Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk.  Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

*Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted).  It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995).  Even medical malpractice and incompetence do not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000).

### Chad Bar and Walter E. Martin

Medrano asserts that Chad Bar was deliberately indifferent because he supervises the medical staff and that Walter E. Martin was deliberately indifferent because he supervises the correctional officers.  "The doctrine of respondeat superior can not be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights."  *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citations and quotation marks omitted).  Medrano does not allege any personal wrongdoing

-4-

against Bar or Martin.  Nor is it reasonable to infer that either of these defendants had any personal involvement with Medrano's treatment.  Consequently, they will be dismissed.

### C. Cox, RN

Medrano generally asserts that Nurse Cox refused to let him see the doctor.  However, the only claim that Medrano makes against Cox is that on August 13, 2006, she refused to treat him when he went to the Offenders Service Building without first putting in a written medical request.  Medrano does not allege and based on this complaint, it is not reasonable to infer that his condition was a medical emergency.  Despite his pain, Medrano's condition was stable and, though a broken foot requires medical treatment, it was not an immediate medical emergency.  Nor is it reasonable to infer that Medrano was experiencing any signs or symptoms that would have put Cox on notice that he was indeed suffering from an immediate medical emergency.  Medrano did receive treatment shortly thereafter. "Under the Eighth Amendment, [a prisoner] is not entitled to demand specific care... [and] is not entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).  As a result, Medrano was not entitled to demand that he be treated at that moment when he was not suffering an immediate medical emergency.

Furthermore, Medrano has not alleged that suffered further

injury resulting from the brief delay in receiving treatment. While Cox's decision not to treat Medrano at that time may have been negligent, it is not sufficient to state a claim of deliberate indifference. Nor is it reasonable to infer that Cox's actions, not treating an inmate who arrived at the building without permission and who was not experiencing a medical emergency, were the functional equivalent of wanting harm to come to Medrano.

In addition, Medrano generally asserts that the medical staff have refused to fix his cast. Medrano does not allege that Cox was personally involved in the denial of his request to fix his cast. Not all medical treatment is successful. The Eighth Amendment does not require success, it only prohibits wanting harm to come to the inmate. Here, Medrano received a cast. While Medrano may be upset about the quality of his cast, he is not entitled to the best cast possible, or entitled to demand them to fix it. Incompetence does not state a claim of medical deliberate indifference. Thus, Cox will be dismissed.

### M. Bridges, RN

Although Medrano names Nurse Bridges, he does not assert any claims against her. He does not allege that Nurse Bridges ever saw or treated him or that she denied him access to the doctors. Medrano generally asserts that the medical staff will not fix his cast. As previously stated, even if Bridges was responsible for

this denial, this does not state a claim of medical deliberate indifference. Because Medrano does not state a claim against Bridges, she will be dismissed.

### John Doe Correctional Officer

Medrano names John Doe, correctional officer, as a defendant. He alleges that as soon as he injured his foot, he went to the yard officer and reported the injury. He states that the yard officer refused to help him. Although Medrano might have been in pain, he does not allege that he was exhibiting any signs or symptoms that would put the yard officer on notice that his condition was an immediate medical emergency. Furthermore, Medrano has not suffered any injury as a result of the alleged refusal. Medrano went to the Offenders Service Building to seek medical treatment even though the yard officer did not authorize him to do so. Medrano has not alleged, nor would it be reasonable to infer that Medrano is asserting that but for the yard officer's denial, he would have received medical treatment that day. Because Medrano has not alleged that the yard officer knew that he had a medical emergency and because he suffered no injury as a result of the refusal, Medrano states no claim against the yard officer.

In addition, Medrano contends that after he saw the nurse, received Ibuprofen, and had x-rays, he put in another medical slip to see the doctor. He then went to two lieutenants and the unit

sergeant about his foot. Again, Medrano must allege that the officers knew he needed immediate medical attention and prevented him from getting it. Medrano has not alleged, nor would it be reasonable to infer, that the prison officials purposely denied him access to medical care or prevented him from seeking medical attention. Furthermore, it is not reasonable to infer that Medrano's condition presented an immediate medical emergency which would have required immediate attention by the officers. Medrano had already seen a nurse for his injury. Because he had already been treated for this condition and because it was not a medical emergency, it was not deliberately indifferent for the officers to make Medrano wait until his written request for medical was granted. Again, Medrano is not entitled to demand immediate specific care. As a result, Medrano has no claims against any of the unnamed correctional officers, and they will be dismissed.

CONCLUSION

For the reasons set forth above, Plaintiff's complaint is **DISMISSED WITH PREJUDICE** for failure to state a claim.

**DATED: February 14, 2007**          /s/ RUDY LOZANO, Judge
                                      **United States District Court**